TRULINCS 92036054 - CHICHAKLI, RICHARD AMMAR - Unit: MIM-B-A

-----------------------------------------------------------------------

FROM: 92036054
TO:
SUBJECT: BOP-Marshal- Grady-1
DATE: 03/21/2015 06:34:24 AM

UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY ___ PG ___

*Apr 1, 2015*

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

**15-CV-21255-Lenard/White**

X X X X X X X X X X X X X X X X X X X X X X X X X X X X X

RICHARD A. CHICHAKLI

PLAINTIFF

V.

CHARLES E. SAMUELS, JR.,  DIRECTOR, FEDERAL
BUREAU OF PRISON, U.S. DEPARTMENT OF JUSTICE;
STACIA HYLTON, DIRECTOR, U.S. MARSHAL SERVICE
U.S. DEPARTMENT OF JUSTICE;  SHANE WYATT,
DIRECTOR, GRADY COUNTY CRIMINAL JUSTICE
AUTHORITY, GRADY COUNTY, STATE OF OKLAHOMA;
MIKE LENNIER, GRADY COUNTY COMMISSIONER,
GRADY COUNTY DISTRICT-2, STATE OF OKLAHOMA;
ALL IN THEIR OFFICIAL CAPACITY

DEFENDANTS

X X X X X X X X X X X X X X X X X X X X X X X X X X X X X

COMPLAINT FOR VIOLATION OF

CONSTITUTIONAL AND CIVIL RIGHTS

cat / div _550/1983/MIA_
Case # _____
Judge _____ Mag _WHITE_
Motn Ifp _YES_ Fee pd $ _0_
Receipt # _____

COMES NOW PLAINTIFF, Richard A. Chichakli (Pro-Se), and set forth that his Constitutional and Civil Rights
were violated by the named defendants in their official capacity, by each and every one of them singularly and joint
together, and because of these violations plaintiff suffered damages for which he is entitled for compensation.


P R E L I M I N A R Y   S T A T E M E N T


1.  Plaintiff Richard Chichakli is an incarcerated federal prisoner in the custody of the Federal Bureau of Prison

(BOP) since May 25, 2013. Plaintiff has been incarcerated at the Metropolitan Detention Center in Brooklyn

(MDC-Brooklyn) from December 2013 through the morning of February 10, 2015.


2.  Plaintiff was designated to Miami Federal Camp and was moved by the United States Marshal Service

(Marshals) on the Morning of February 10, 2015 from MDC-Brooklyn in-rout to the prison camp in Miami.  The

custody of the prisoner was assigned to the Marshals on Feb 10, 2015


3.   Plaintiff is an observant Jew and a strict follower of the Jewish faith in all of its material aspects,

TRULINCS 92036054 - CHICHAKLI, RICHARD AMMAR - Unit: MIM-B-A

--------------------------------------------------------------------------------

including praying three-times a day, putting on Tefillin and Tallis during certain prayers, and wearing Yarmulke

(Keepa) and Tzitzit as required by the cannons of the Jewish faith.  All of the above listed items, in addition to

the Jewish Prayer Book - known as Sidur; all are approved items by the BOP, and all listed in the BOP manuals,

and are permitted to be at the possession of Jewish prisoners at all times.

4.   Plaintiff is a strict observant of the Jewish Dietary laws known as "Kashrus". Plaintiff is only permitted to

eat food which is certified "Kosher" by an accredited and acceptable Rabbinic Authority.  Such diet is known in

the BOP System, and is referred-to in the BOP's Manual as "Common Fare."   Plaintiff has always been restricted

to Kosher food diet as reflected in his records at the BOP.

5.   At the time Plaintiff underwent the required steps prior to his departure from MDC, he had the five items

listed in paragraph (3) above; namely, one set of Tefillin, one Tallit, one Yarmulke, one Tzitzit undergarment,

and one Prayer Book. These items were inventoried by the Chaplain of MDC-Brooklyn, properly documented in

the appropriate BOP's "Religious Property Inventory Form", and finally handed over to the Marshals to accompany

plaintiff's on the airplane and during his travel as it is customary handled.

6.   Plaintiff was moved by bus to an airport facility in New Jersey, and there boarded an airplane.  Plaintiff's

movement on February 10, 2015 was terminated at Oklahoma City, State of Oklahoma at the Federal Transfer

Center (FTC) airport facility.

7.    Upon the arrival of the airplane to the FTC terminal, plaintiff was ordered off the airplane and escorted to

a waiting bus at the terminal. The bus is marked "Grady County Criminal Justice" (Grady). The name of Plaintiff

was read from a pre-printed list in the hand of the Marshal who had called his name. The placement of Plaintiff

at Grady Jail instead of FTC was clearly preplanned and predetermined by Marshals.

8.    While the other inmates had de-boarded the airplane into FTC, Plaintiff was placed on the bus and was

driven for approximately 45 minutes to the town of Chickashta - Oklahoma, where he was remanded at Grady

County Jail from February 10, 2015 through February 24, 2015.


## STATEMENT OF FACTS


9.   Plaintiff's arrived to Grady County Criminal Justice Center (Grady Jail) late at night.  Plaintiff remained

TRULINCS 92036054 - CHICHAKLI, RICHARD AMMAR - Unit: MIM-B-A

--------------------------------------------------------------------------------------------------------

hand-cuffed and shackled for at least 15 hours on February 10, 2015. Since removed from his Unit of Incarceration

at MDC-Brooklyn, and throughout the entire day of February 10, 2015, including the duration of waiting on the Bus

and in the airplane, and including the duration of flight at the Marshal's airplane plaintiff was not provided any

Kosher meal, nor any food which meets the Kosher definition of the BOP manual.

10.    During one segment of flight the Marshals provided a meal which consist of a "Bologna sandwich" to the

prisoners travelling on the airplane. The meal was Not Kosher; thus, Plaintiff explained to Marshals that he could

not eat such food because it violates the cannons of his religion and requested to be fed "Kosher" food.

11.    The Marshals advised Plaintiff that they do not have any Kosher food, and if he wanted to eat he must eat

the available non-Kosher sandwich. Plaintiff declined the meal and remained without any meal throughout the day.

12.    Upon arrival to Grady Jail, plaintiff was placed at the "Gymnasium hall" for more than four (4) hours, neither

food nor drinks were provided by Grady County, nor chairs, seats, or mattresses were given. Plaintiff who is 56

years old in less than average health requested to be fed because he felt fainted and exhausted. Plaintiff was told

to sit on the floor and wait to be un-cuffed and fed.

13.  Plaintiff was un-cuffed, and he was offered two-slices of bread with Bologna and Cheese as a meal. Plaintiff

informed the guards of Grady Jail that he only eat Kosher food in accordance with the BOP manual, and explained

that the sandwich they offered is not Kosher on principles because it mixes dairy and meat together.

14.    Plaintiff further requested to be given his Bible and religious items which accompanied him on the bus

from the airport in order to perform his prayers as he is accustomed to do. Plaintiff explained that these items

are BOP's approved, and he further provided the guard with a copy of the official BOP form which is signed and

certified by an authorized BOP Chaplain.

15.    The guards informed plaintiff that Grady Jail Rules does not recognize BOP forms, nor does it recognize

the right claimed by plaintiff to conduct his Jewish prayer; thus, neither the Bible nor the prayer's shawl and

Teffilin can be released to plaintiff.  The guard informed plaintiff that the non-kosher sandwich he was offered

is the only food available, and should plaintiff decline to accept the Bologna and Cheese sandwich he will remain

without food.

16.  Plaintiff stated that it is against his religion to eat non-kosher food; thus, he decline to accept the food

TRULINCS 92036054 - CHICHAKLI, RICHARD AMMAR - Unit: MIM-B-A
--------------------------------------------------------------------------------------------

offered by Grady and requested to see a supervisor; the guard stated that no supervisor is available after

midnight; however, a Sergeant showed up and he informed Plaintiff that he should write the "Marshal's Liaison"

about the issues the plaintiff has raised.


17.     Plaintiff filled out a "Marshal Liaison Request Form" where he described the issues related to getting

his personal religious property which are BOP's approved, and the matter related to receiving Kosher food in

compliance with the BOP's rules and manual. Plaintiff handed the written request to the guard on the same day

of his arrival to Grady Jail, and that day Tuesday February 10, 2015.


18.   As of Thursday February 12, 2015 Plaintiff did not receive any response from Grady officials; thus,

Plaintiff wrote again to the Marshal's Liaison concerning the same two subject matters he raised in his earlier

request dated Tuesday 10, 2015; namely his need to practice his Jewish faith and his need for Kosher food.

Plaintiff asserted that he has constitutional rights to freely exercise his religion and he demanded his bible

released to him without further delay.


19. No response was received from Grady Jail officials, nor from the Marshal's Liaison next day, nor throughout

the three days followed plintiff's arrival to Grady.  During the entire period until Friday Plaintiff was not provided

with any Kosher food by Grady Jail, nor has he been able to eat anything at all.


20.   Furthermore, during all the three days following his arrival, plaintiff was denied the right to pray, to study

his Torah, and to put on his Tefillin, Tallis, and his Tzitzit.  Plaintiff requested to receive a Jewish Bible from

Grady Jail Chaplin, but he was advised that Grady County Jail does not provide any bibles other than the Christian

Bibles which are the only bibles made available to prisoners in Grady County Jail.


21.   On Friday February 13, 2015 Plaintiff wrote an extensive letter addressed to the Warden of Grady County

Jail with a copy to the Marshal's Liaison. The letter reiterated plaintiff's demand for the Constitutional right to

freely exercise his religion by permitting him to have his Jewish Prayer Book, and his prayer related items, and

be allowed to pray as required in the Jewish religion.

Plaintiff also raised the issue of the Kosher food by, again, requesting that he be provided with Kosher food,

particularly as Friday-evening was approaching, being the beginning of "Shabbos" a sacred and revered Jewish

holly event which observance is a must for every Jew.  Grady Jail guards were fully aware that Plaintiff was not

eating, and has not consumed any meal since his arrival to Grady County Jail on February 10, 2015.

TRULINCS  92036054 - CHICHAKLI, RICHARD AMMAR - Unit: MIM-B-A

------------------------------------------------------------------------------------------------

22.   On Friday Feb/13 late afternoon Plaintiff was taken to the the office of the Marshal's Liaison.  The Liaison
officer had Plaintiff's box which contained Plaintiff's personal religious item on his table, along with Plaintiff's
letter of Friday and plaintiff's request forms which were submitted earlier.

23.   The Marshal's Liaison informed Plaintiff that he will be willing to allow plaintiff to pray daily if
Plaintiff accept to do such prayer in secluded room in order to avoid getting subjected to harassment,
intimidation, or becoming a "Joke" subject by other prisoners because "no one here is familiar with the
Jewish faith" and the religious items plaintiff has in the box "looks weird" as stated by the official. Plaintiff
immediately agreed to be placed anywhere where he could conduct his prayer, and expressed his gratitude to
the Marshal's Liaison.

24.   The Marshal's Liaison inspected the material in the box which was prepared, packed, and labeled by the
BOP officials, also approved Plaintiff's request to keep his Bible in his possession in the unit where he was held.
Plaintiff was held in Unit (4E) in Grady County Jail.

25.   At the time dinner meal was dispensed through the slot in the door of Unit 4-E, Plaintiff's name was
called and he was handed a Styrofoam plate wrapped in a cellophane wrap. The plate contained two slices of bread,
a Styrofoam cup filled with rice, and another cup filled with cooked beans.  The meal that is being served to the
other prisoners consisted of the same beans and rice in an open food tray.  Plaintiff meal was labeled in hand-
written sticker "Kosher", with the name of Plaintiff appeared on the second line following the word "Kosher",
while the third line stated "Diet type: Hard Kosher".

26.  The meal given to Plaintiff was clearly packed by the kitchen Staff of Grady County Jail, it was not sealed,
and it did not bear any known "Kosher Certification", nor was it marked by the seal of any Rabbinic Authority.
The meal did not meet the minimum standards of the BOP manual, nor did it bear any of the Kosher marking
recognized by the BOP such as the generally acceptable Orthodox Jewish Union [Letter "U" in a Circle], or
[Star-K], etc. as preferenced in the BOP's Food Service Manual Number P 4700.06

TRULINCS 92036054 - CHICHAKLI, RICHARD AMMAR - Unit: MIM-B-A

--------------------------------------------------------------------------------------------

FROM: 92036054
TO:
SUBJECT: BOP-Grady-Marshal-2
DATE: 03/21/2015 06:36:28 AM

27.   Plaintiff informed the guard that the meal does not appear to be Kosher because it is not sealed, and

lacks the required Rabbinic Kosher Certification as the minimum standards required in the BOP according to

the BOP's Food Service Manual.  The guard stated that "this is not the BOP, this is Grady County and a Priest

has already blessed this food, so it is as Kosher as it can be."  The Guard further stated to Plaintiff "you are

not the first to complaint and are not going to be the last, it is your choise you eat this or stay hungry."

28.   Plaintiff wrote again to the Marshal Liaison concerning the lack of Kosher food, and concerning the

irregularity in allowing Plaintiff to Pray.  Plaintiff was allowed to pray Five (5) times only during the 14 days

he spent at Grady Jail, and he was watched and photographed from behind a mirror glass when he was praying

every time as if he was conducting an artistic performance, or if he was a monkey in a cage being watched.

29.    Plaintiff received a written response from the Marshal's Liaison on Feb 23, 2015. The response stated

that Grady County does not Follow nor abide by the Rules and Regulations of the BOP, it further stated that the

County Jail is subject only to State Law - being the laws of the State of Oklahoma; thus, the applicable rules

concerning praying in public are not similar to the Rules applicable in the BOP system. Similarly, the answer

affirmed that the BOP manual regarding Kosher Food's specification is not recognized by Grady.

30.   The communication asserted that the County Jail kitchen served Plaintiff "Kosher food" as far as the

Grady is concerned despite the lack of Kosher Certification, Rabbinic Authority, and or compliance with the

BOP manuals. Grady County Jail Service is not certified to prepare nor serve "Kosher Food", and Grady

County Jail kitchen staff are neither certified by an acceptable "Kashrut" authority, nor supervised by any

nationally recognized Kasherut Supervision Service.

31.   Plaintiff continued to abstain from eating the food served by Grady, whereas during his 14 days in Grady

County Jail he consumed less than one-half of pound of food in total. The food was a donated sealed pack of

Tuna that was given to him by another prisoner.   Plaintiff asserts that all of the prisoners who were

incarcerated with him during his imprisonment in Grady County Jail would testify to the facts stated herein.

32.  About three hours after the midnight of February 24, 2015 Plaintiff was awaken by two Grady Guards and

was ordered to pick up his mattress and leave the unit. He was then stripped and placed back in the Federal

----------------------------------------------------------------------------------------------------

prison uniform in which he arrived to county, placed on a bus, and driven toward FTC-Oklahoma City were he

was in-processed into the BOP system.

33. All the documents and the notes, and the copies of the communication that was sent or received by

Plaintiff during his incarceration in Grady County Jail was confiscated by the Guard over Plaintiff's objection

on the ground of "Legal Document Privacy and Protection."

34. WHEREAS;

Plaintiff is a federal prisoner subject to the Rules and Regulations govern Federal Prisoners, whom are

incarcerated by the effect of judgment and convection rendered by a federal Court, and to such Rules and

Regulations established and enforced by the BOP, Defendants asserts that the BOP has violated his

Constitutional Rights by substantially burdening his right to a diet consistent with his religious scruples.

Plaintiff asserts, that the Federal Bureau of Prison (BOP) is obligated to contract providers whom can meet

the standards set forth by the BOP's own rules and regulations, including the right in free exercise of religion.

Grady County is a contractor for the BOP, and Grady County Jail failed and/or refused to provide plaintiff

with "Kosher Food" and prevented and/or restricted plaintiff's right to practice his Jewish faith.

35. Defendant United States Marshal, a government agent working under color, has also violated Plaintiff's

civil and constitutional rights by repeatedly failing to correct a reported violation of Plaintiff's rights, as the

requests for the right to pray and the right to receive Kosher diet and which were submitted by the Plaintiff

were intentionally and deliberately ignored.

Defendant U.S. Marshal Service has also violated Plaintiff Constitutional and Civil rights, and substantially

burdened the religious freedom of Plaintiff by failing to provide Plaintiff a kosher meal while in transportation,

in the care, custody, and control of the Marshals.   The Marshals instead offered plaintiff a non-kosher food with

no alternative in violation of the Religion Freedom Restoration Act of 1993, Title 42 U.S.C. Section 2000bb-1.

36. Defendant Grady County has further violated Plaintiff's civil and Constitutional rights by substantially

burdening Plaintiff's religious freedom, and the Religious Freedom Restoration Act, Title 42 U.S.C. Section

2000bb-1. In addition to having engaged in public a Fraud and Deceit by fraudulently and knowingly labeling

and serving non-kosher food as if it was Kosher; thus, subjecting this federal prison to a fraudulent practice

and deceiving him into believing that he is being served Kosher food which in-fact was not Kosher.

--------------------------------------------------------------------------------

37.   Plaintiff asserts that he has standing to bring this action, Plaintiff further asserts that Defendants, all

of them combined, are liable in the meaning of "Monell Liability" for having deprived him from a guaranteed

constitutional right and burdened his rights to freely exercise his religion in the form of conducting his individual

prayers, and in the form of denying him Kosher food.

38.   It is irrefutable that Kosher Food is essential in Judaism, and as it is asserted by the Court  "Kosher Diet

is central to the Jewish faith." Ward V. Rabideau 732 F. Supp. 2d 162, 173 (WDNY 2010). Thus; the denial of

Kosher diet by Grady County to Plaintiff violates Plaintiff's Constitutional rights and 42 USC Sec. 2000bb-1.

Grady County is liable under Section 1983, Monell V. dept. of Soc. Svc., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed

2d 611 1978.

39.  The defendants, all and each of them, are obligated to provide Plaintiff, a federal prisoner, with a Kosher

Diet in compliance with Title 28 U.S.C. Sec 2000bb-1, in accordance with the BOP Food Service Manual.   The

BOP's Food Service Manual Number P4700.06, and dated September 11, 2011 specifically states in Chapter-4,

section-d "Certified Food Procedure" that certified food must be "Certified by Nationally Accepted Orthodox

Kashrut Supervision."    The food served by Grady County to Plaintiff did not meet such standard, but it was

rather fraudulently labeled "Kosher" by the County and served as if it was kosher to the plaintiff.

40.   WHEREOF;

       Plaintiff has been damaged by the act of the defendants, and has suffered because the defendants

violated his rights and caused him to suffer. Plaintiff prays that this Honorable Court award him damages in

the sum of One million Dollar and any other reliefs as the Honorable Court see just and equitable.

Dated: 03 /21 /2015
Dade County, Miami, FL

                              Respectfully Submitted

                              Richard Chichakli (Pro-Se)
                              Plaintiff

Richard Chickakli
Reg #92036-054
FDC- Miami
P.O Box 019120
Miami, FL. 33101

LEGAL MAIL

CLERK/PRO-SE CLIENTS
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
400 N. MIAMI AVE
MIAMI, FL 33128

BY
USMS INSPECTED

