IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD AMMAR CHICHAKLI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-15-687-D |
| ) | |
| CHARLES E. SAMUELS, JR., Director, ) | |
| Federal Bureau of Prisons, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff is a federal prisoner appearing pro se and in forma pauperis. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff further alleges his rights have been violated under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1. Pending before the Court are: 1) the Motion to Dismiss or in the Alternative Motion for Summary Judgment [Doc. No. 36] of Defendant Mike Lennier; and 2) the Motion to Dismiss [Doc. No. 37] of Defendants Charles E. Samuels and Stacia A. Hylton. Plaintiff has filed a joint Response [Doc. No. 39] to the Motions. Plaintiff has also filed a Notice [Doc. No. 44] supplementing his Response. Defendants have replied to Plaintiff's Response [Doc. Nos. 41, 42 and 52] and the motions are now ready for decision.[1] The Court has also received the court-ordered Special Report [Doc. No. 34].

This matter has been referred by United States District Judge Timothy D. DeGiusti for proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the

---

[1] Plaintiff also sues Defendant Shane Wyatt, Director, Grady County Criminal Justice Authority. Defendant Wyatt has filed an Answer [Doc. No. 35] but has not moved for any dispositive relief.

reasons set forth below, it is recommended that the Motion of Defendant Lennier, construed as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), be denied. It is further recommended that the Motion to Dismiss of Defendants Samuels and Hylton be granted.

## I. Allegations of the Complaint/Claims Raised

Plaintiff is a federal prisoner in the custody of the United States Bureau of Prisons (BOP). His claims arise from events occurring during his temporary detainment at the Grady County Jail.[2] The BOP has contracted with the Grady County Jail to provide housing, safekeeping and subsistence to federal detainees. Plaintiff was detained at the Grady County Jail pursuant to this contractual agreement from February 10, 2015 through February 24, 2015 while in transit between BOP facilities.

Plaintiff is Jewish and has obtained BOP approval to receive kosher meals. Plaintiff alleges that while in transit to the Grady County Jail and during his detention there he was denied kosher meals and/or the meals provided were inadequate to comply with the requirements of a kosher diet. He further alleges he was not provided access to his religious materials including items of religious clothing and a prayer book and that officials at the jail interfered with his ability to practice the tenets of his faith.

Plaintiff brings this action against the following Defendants: Charles Samuels, Jr., Director of the BOP; Stacia Hylton, Director, United States Marshal Service (USMS); Shane Wyatt, Director, Grady County Criminal Justice Authority; and Mike Lennier, Grady County Commissioner, Grady County District 2, State of Oklahoma. In the caption of the Complaint, Plaintiff states that all defendants are sued "in their official capacity." In the body of the

---

[2] Defendants interchangeably refer to the jail facility as the "Grady County Law Enforcement Center" and the "Grady County Jail." *See, e.g.,* Special Report, Affidavit of Jim Gerlach [Doc. No. 34-1], ¶ 2.

Complaint he further alleges that his "Constitutional and Civil Rights were violated by the named defendants in their official capacities . . . ." *See* Complaint at p. 1. As relief, Plaintiff seeks damages in the sum of one million dollars. *See id*. at p. 8.[3]

## II. Defendants' Grounds for Dismissal

Defendant Lennier moves for dismissal of the § 1983 claims raised in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on grounds Plaintiff has failed to allege facts demonstrating that the Board of County Commissioners of Grady County had any direct involvement in the alleged violation of Plaintiff's constitutional rights and that the Complaint is "devoid of any allegation that either Defendant or the Board have any final policy-making authority with regard to the operation of the Grady County Criminal Justice Authority or the Grady County Jail." *See* Defendant Lennier's Motion at p. 6. As discussed below, Defendant Lennier's Motion is based upon a faulty premise as to the nature of the official capacity claims brought by Plaintiff and should be denied.

Defendants Samuels and Hylton (collectively, the Federal Defendants), move for dismissal of Plaintiff's *Bivens* and RFRA claims pursuant to Fed. R. Civ. P. 12(b)(1) on grounds of sovereign immunity. Additionally, the Federal Defendants move for dismissal of Plaintiff's claims raising the affirmative defense of failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). And, the Federal Defendants further seek dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) on grounds Plaintiff has not alleged facts demonstrating a substantial burden on his religious exercise. As set forth below, because

---

[3] Plaintiff does not seek injunctive relief in this action. And, even if Plaintiff did seek such relief, his transfer from the Grady County Jail moots any such claims. *See generally Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997); *see also Jordan v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011).

3

Plaintiff brings claims against the Federal Defendants only in their official capacities, Plaintiff's claims must be dismissed on grounds of sovereign immunity for lack of jurisdiction. Therefore, the Court finds it is unnecessary to address the additional grounds for dismissal raised by the Federal Defendants.[4]

### III. Governing Standards

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted).

The Federal Defendants' Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) presents a facial attack on the sufficiency of the Complaint's allegations as to subject matter jurisdiction. The Federal Defendants question the sufficiency, but not the veracity of the factual allegations upon which subject matter jurisdiction may depend. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (addressing the distinction between a "facial" and a

---

[4] The Federal Defendants also submit argument and authority with respect to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674. Plaintiff does not, however, identify the FTCA as a basis for any claims in the Complaint and, therefore, the Court does not construe the Complaint to include any FTCA claims. In this regard, the Court notes that Plaintiff does include as part of the allegations of the Complaint express reference to RFRA and § 1983 in alleging violations of his federal constitutional rights.

4

"factual" attack on subject matter jurisdiction). Therefore, the Court presumes as true the factual allegations of Plaintiff's Complaint. *Id*., at 1002.

## IV. Analysis

### A. Section 1983 Claims for Monetary Damages Against Defendant Lennier in His Official Capacity

Defendant Lennier is sued only in his official capacity, as a member of the Grady County Board of County Commissioners.[5] Plaintiff brings claims against Defendant Lennier pursuant to 42 U.S.C. § 1983 premised on a violation of Plaintiff's First Amendment rights.

Plaintiff's § 1983 claims against Defendant Lennier in his official capacity are essentially claims against Grady County. *See, e.g., DuBois v. Board of Cty. Comm'rs. of Mayes County*, No. 12-CV-677-JED, 2014 WL 4810332 at *4 (N.D. Okla. Sept. 29, 2014) (unpublished op.) ("A claim against a government actor in his official capacity 'is essentially another way of pleading an action against the county or municipality' he represents, and is considered under the standards applicable to 42 U.S.C. § 1983 claims against municipalities or counties.") (*quoting Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010)); *see also Snow v. Board of Cty. Commr's of McClain County*, CIV-14-911-HE, 2014 WL 7335319 at *2 (W.D. Okla. Dec. 19, 2014) ("[I]n the § 1983 context, a suit against the board of county commissioners or some other county official in their official capacity is, in substance, a suit against the county.") (citations omitted).[6]

---

[5] As stated above, the caption of Plaintiff's Complaint expressly states that all defendants are sued in their official capacities. In responding to Defendants' Motions, Plaintiff reiterates that he sues the defendants in their official capacities. *See* Response at p. 6. He additionally expressly states that "non[e] of the named official[s] is/was sued personally." *Id*.

[6] Oklahoma law requires that claims against a county be brought by naming the board of county commissioners of that county. *See* Okla. Stat. tit. 19, § 4 ("In all suits . . . against a county, the name in which a county shall sue or be sued shall be, 'Board of County Commissioners of the County of ____.'").

The sole basis upon which Defendant Lennier moves for dismissal is that the Board of County Commissioners has no authority, under Oklahoma statutory law, with respect to the operation of the Grady County Jail. *See* Motion at p. 7 (*citing* Okla. Stat. tit. 19, § 339).[7] Defendant Lennier contends "[a]s such, pursuant to Oklahoma law, neither the Defendant nor the Board of County Commissioners of Grady County have any final policy-making authority with regard to the operation of the Grady County Jail." *Id*. The problem with Defendant Lennier's argument, however, is that Grady County can be held liable notwithstanding the fact that the Grady County Board of County Commissioners, itself, does not operate the jail or promulgate the policies attendant thereto.

In *Snow*, the court addressed the same argument as that made by Defendant Lennier. As the court explained there, "[a] suit brought against a county's board of county commissioners [or an individual commissioner sued in his official capacity] is the way Oklahoma law contemplates suing the county." *Snow*, 2014 WL 7335319 at *2 (*citing* Okla. Stat. tit. 19, § 3). The appropriate question, therefore, is whether Plaintiff has "stated a claim against [Grady] County (i.e. any claims asserted against the county directly or by suing the board or other county officers in their official capacities) or against the members of the board of commissioners in their individual capacities." *Id.* As the court further explained:

> The motion filed by the Board of County Commissioners confuses the issue by arguing that it (the Board) is not a 'proper party,' essentially because it didn't do anything wrong, or fail to do anything it had a duty to do. But, as noted above, the Board, as such, is not even a legal entity and obviously cannot be a 'party' regardless of what it did or didn't do. Rather, the question is whether a basis for [a] claim against *the county* is stated.

---

[7] The cited statutory provision sets forth the general powers of the board of county commissioners. *See id*.

*Id.* (emphasis in original).[8]

As recognized by the court in *Dubois*, the law in Oklahoma and th[e] [Tenth] Circuit is in flux" as to the argument raised by Defendant Lennier. *Id.*, 2014 WL 4810332 at *6. But this Court finds the analysis in both *Snow* and *Dubois* persuasive and concurs with the conclusion reached by the court in *Dubois* that "a policy of a county sheriff in his final policymaking capacity *is a county policy*, such that a county may be sued under § 1983[.]" *Id.* at *7 (emphasis in original); *see also Snow*, 2014 WL 7335319 at *5, n. 10 ("To the extent [case law] suggests that a board of county commissioners is not a proper defendant with respect to allegations against a county sheriff on civil rights claims arising out of incidents at a county jail, the court respectfully disagrees with the [case law]."); *cf Goss v. Board of Cty. Commr's of Creek Cty.*, No. 13-CV-0374-CVE, 2014 WL 4983856 at *6 (N.D. Okla. Oct. 6, 2014) (unpublished op.) (granting summary judgment to Board of County Commissioners where the plaintiffs' claims were all aimed at the sheriff as the official representative of the sheriff's office and not at the county at all).[9]

To hold Grady County liable, Plaintiff must allege facts demonstrating the existence of a county policy that was the moving force behind the alleged violation of his federal rights. *See*

---

[8] The Tenth Circuit has recently addressed Oklahoma law and the relationship between a county and the sheriff's office in the context of age and disability discrimination claims. *Cink v. Grant Cty., Oklahoma*, No. 16-6030, 2015 WL 7597442 (10th Cir. Nov. 27, 2015) (unpublished op.). The court recognized that "[u]nder Oklahoma law, the County is a body politic and corporate, Okla. Const. Art. XVII, § 1, encompassing several offices including the office of an elected Sheriff, *id.* § 2; Okla. Stat. tit. 19, § 13(A), who acts on the County's behalf by enforcing the state's laws within its boundaries, *see* Okla. Stat. tit. 19, § 516(A)." *Id.* at *4. The court further recognized that "[i]n addition, the Oklahoma County Budget Act defines the Sheriff as a County officer, Okla. Stat. tit. 19, § 1404(8), and the Sheriff's Office as a constituent department of the County, *see id.* tit. 19, § 1407(7), (11)." *Id.*

[9] In *Goss*, as in this case, the Sheriff was also named as a party and sued in his official capacity.

7

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Grady County cannot be held liable under a theory of respondeat superior. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.").

"A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 770 (10th Cir. 2013). Plaintiff alleges in the Complaint that he was told in a written response from the Marshal Liaison at the Grady County Jail that Grady County does not abide by BOP rules regarding a kosher diet and that the "BOP manual regarding Kosher Food's specification is not recognized by Grady." *See* Complaint at p. 6, ¶ 29. He further alleges that "Grady County Jail Service is not certified to prepare nor serve 'Kosher Food'" and "Grady County Jail kitchen staff are neither certified by an acceptable 'Kashrut' authority, nor supervised by any nationally recognized Kasherut [sic] Supervision Service." *See id.*, ¶ 30. He alleges that officials at the Grady County Jail labeled food as kosher when, in fact, it was not. *See id.* at p. 7, ¶¶ 36, 39.

Construing these allegations as true, Plaintiff claims that the Grady County Jail has a practice of providing kosher food that is neither compliant with BOP rules nor with acceptable kosher standards. While a failure to follow BOP policies, standing alone, is insufficient to state a violation of Plaintiff's constitutional rights, when coupled with allegations that Grady County follows a practice of failing to provide food that complies with kosher standards, Plaintiff's

8

Complaint plausibly states a claim sufficient to support § 1983 liability against Grady County. Accordingly, Defendant Lennier's Motion to Dismiss should be denied.[10]

B. ***Bivens*** **Claims for Monetary Damages Against the Federal Defendants**

Plaintiff's *Bivens* claims for monetary damages against the United States or any federal agent acting in an official capacity must be dismissed on grounds of sovereign immunity. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (a federal prisoner in a BOP facility may bring a *Bivens* action against an officer acting in his individual capacity but "[t]he prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities.").[11]

Plaintiff has not identified any explicit waiver of immunity. Absent a waiver of sovereign immunity, the Court must dismiss Plaintiff's *Bivens* claims against the Federal

---

[10] Defendant Lennier moves, in the alternative, for summary judgment. But the only matter outside the pleadings offered in support of a motion for summary judgment is a reference to page two of the Special Report. It appears Defendant Lennier relies on the following statement found there: "Jail Administrator Jim Gerlach is the official responsible for the operation of the Grady County Criminal Justice Center ("Grady County Jail") . . . . Mike Lennier, on the other hand, is not, and has never been, on the Board of the Grady County Criminal Justice Center. . . . Mike Lennier plays no role, and has never played a role, in running or administering the Grady County Jail." *See* Special Report [Doc. No. 34] at p. 2. As explained above, even if the Court were to consider these statements, Defendant Lennier's grounds for dismissal miscomprehend the basis for imposition of § 1983 liability. The Court, therefore, finds this additional matter is not material and declines to consider it or construe the motion as a motion for summary judgment. In his Motion, Defendant Lennier does not address whether the facts presented in the Special Report establish a violation of Plaintiff's First Amendment rights based on the alleged practices at the Grady County Jail concerning the provision of an adequate kosher diet to inmates housed there. That issue, therefore, is not presently before the Court.

[11] Plaintiff's *Bivens* claims are premised on alleged violations of his right to the free exercise of religion, guaranteed by the First Amendment. Because dismissal is proper on jurisdictional grounds, the Court need not address whether such a claim is actionable under *Bivens*. *See Iqbal*, 556 U.S. at 675.

Defendants for lack of jurisdiction. *See S.W. Four Wheel Drive Ass'n. v. Bureau of Land Mgmt.*, 363 F.3d 1069, 1071 (10th Cir. 2004). [12]

### C. RFRA Claims for Money Damages Against the Federal Defendants

Plaintiff's claims against the Federal Defendants alleging a violation of his rights under RFRA also fail because money damages are not available to Plaintiff. RFRA provides: "A person whose religious exercise has been substantially burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000bb-1(c). The textual reference to "appropriate relief" is not an unequivocal waiver of the government's sovereign immunity for money damages. *See Sossamon v. Texas*, 563 U.S. 277, 289 n. 6 (2011) (finding RLUIPA's[13] reference to "appropriate relief" does not authorize claim for money damages against the States and recognizing that "the same phrase in RFRA had been interpreted not to include damages relief against the Federal Government or the States . . ."); *see also Davila v. Gladden*, 777 F.3d 1198, 1210 (11th Cir. 2015) (joining Ninth Circuit and D.C. Circuit to hold that "Congress did not unequivocally waive

---

[12] In his response, Plaintiff alleges that he properly sued the Federal Defendants pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997. *See* Response at p. 2. This argument is unavailing. The PLRA does not provide any private right of action. Specifically, section 1997(j) provides: "The provisions of this subchapter shall in no way expand or restrict the authority of parties other than the United States to enforce the legal rights which they may have pursuant to existing law with regard to institutionalized persons." 42 U.S.C. § 1997j; *see also McRorie v. Shimoda*, 795 F.2d 780, 782 n. 3 (9th Cir. 1986) (stating that 42 U.S.C. § 1997j "precludes a private cause of action" under 42 U.S.C. §§ 1997–1997j); *Callahan v. Southwestern Medical Ctr.*, No. CIV-03-1434-F, 2005 WL 1238770 at *5 (W.D. Okla. April 29, 2005) (unpublished report and recommendation, stating that "[c]ourts have consistently found" that the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997a "does not provide for a [n] individual right of action" (citations omitted)), *adopted*, 2005 WL 1656917 (W.D. Okla. July 7, 2005) (unpublished order), *aff'd*, 178 F. App'x. 837, 840 (10th Cir. May 8, 2006) (affirming "for substantially the reasons set forth in the magistrate judge's R & R . . . and the district court's order").

[13] Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 *et seq*.

its sovereign immunity in passing RFRA" and, therefore, "RFRA does not authorize suits for money damages against officers in their official capacities.") (*citing Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 841 (9th Cir. 2012); *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006)). Plaintiff's RFRA claims, therefore, should be dismissed.

## RECOMMENDATION

It is recommended that the Motion to Dismiss [Doc. No. 36] of Defendant Mike Lennier be denied. It is further recommended that the Motion to Dismiss [Doc. No. 37] of Defendants Charles E. Samuels and Stacia A. Hylton be granted. Plaintiff's claims brought pursuant to *Bivens* and RFRA for monetary damages against Defendant Samuels and Hylton should be dismissed without prejudice pursuant to Fed. R. Civ P. 12(b)(1) on grounds of sovereign immunity.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by March 31, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter, subject to any further referral for a briefing schedule and/or additional dispositive motions. Plaintiff's claims against Defendants Lennier and Wyatt remain pending.

ENTERED this 10th day of March, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE