IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD AMMAR CHICHAKLI,          )
                                  )
            Plaintiff,            )
                                  )
v.                                )   Case No. CIV-15-687-D
                                  )
CHARLES E. SAMUELS, JR.,          )
Director, Federal Bureau of Prisons, )
*et al.*,                         )
                                  )
            Defendants.           )

**O R D E R**

Plaintiff Richard Ammar Chichakli, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1. Plaintiff alleges violations of his civil rights when he was denied kosher meals, access to religious material and clothing, and the full ability to practice the tenets of his faith while temporarily detained at Grady County Jail. Plaintiff seeks declaratory relief and monetary damages.

The matter was referred to United States Magistrate Judge Bernard M. Jones for initial proceedings consistent with 28 U.S.C. § 636(b). On March 10, 2016, Judge Jones issued a Report and Recommendation [Doc. No. 55] in which he recommended the Court deny Defendant Mike Lennier's ("Defendant Lennier") Motion to Dismiss or in the Alternative Motion for Summary Judgment [Doc. No. 36].¹ Judge Jones further recommended the Court

---

¹Judge Jones declined to consider the motion for summary judgment. *See* R. & R. [Doc. No. 55] at 9 n.10.

grant Defendants Charles Samuels, Jr. and Stacia A. Hylton's[2] (collectively, the "Federal Defendants") Motion to Dismiss [Doc. No. 37] and, pursuant to Fed. R. Civ. P. 12(b)(1), dismiss without prejudice on grounds of sovereign immunity Plaintiff's *Bivens* and RFRA claims seeking monetary damages from the Federal Defendants.

Plaintiff filed a timely objection ("Plaintiff's Objection") [Doc. No. 57] on March 31, 2016, objecting to the dismissal of claims against the "BOP" and "US Marshals." Pl.'s Obj. [Doc. 57] at 1. Additionally, Defendants Lennier and Shane Wyatt (Defendant Wyatt)[3] filed a joint objection ("Defendants' Objection") [Doc. No. 56] on March 25, 2016. Defendant Lennier objects to the denial of his Motion to Dismiss or in the Alternative Motion for Summary Judgment. Defendant Wyatt generally objects to the entire Report and Recommendation "as the Magistrate [Judge] did not even consider the Special Report which had been entered." Defs.' Obj. [Doc. No. 56] at 1. The Court, having conducted a *de novo* review,[4] finds that both Plaintiff's and Defendants' Objections are overruled, and adopts the Report and Recommendation in its entirety.

## BACKGROUND

While in transit between United States Bureau of Prisons ("BOP") facilities, Plaintiff was temporarily detained at the Grady County Jail from February 10, 2015, through February

---

[2] Stacia A. Hylton is no longer Director of the United States Marshals Service. Hereinafter, and pursuant to Fed. R. Civ. P. 25(d), David L. Harlow will be substituted as a named party.

[3] Defendant Wyatt answered Plaintiff's Complaint, but did not move for dispositve relief. *See* R. & R. [Doc. No. 55] at 1 n.1.

[4] Pursuant to Fed. R. Civ. P. 72(b)(3), where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id.*; *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

24, 2015.[5] Plaintiff alleges that during his detainment, and despite the BOP's pre-approval, he was denied the ability to practice the tenets of his faith. Plaintiff further alleges the meals he received were not kosher, and that he was denied access to personal items of religious clothing and a prayer book. Plaintiff brings this action against two federal and two state defendants, each in their official capacity: Defendant Samuels, Director of the BOP; Defendant Harlow, Acting Director, United States Marshals Service; Defendant Wyatt, Director, Grady County Criminal Justice Authority; and Defendant Lennier, Grady County Commissioner, Grady County District 2, State of Oklahoma.

The Federal Defendants have moved for dismissal of Plaintiff's *Bivens* and RFRA claims pursuant to Fed. R. Civ. P. 12(b)(1) on grounds of sovereign immunity.[6] Defendant Lennier has moved for dismissal of Plaintiff's § 1983 claims pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that Plaintiff failed to allege facts demonstrating that he or the Board of County Commissioners of Grady County (the "Board") had any direct involvement in, or final policy-making authority over, the alleged violations of Plaintiff's rights while at Grady County Jail.

---

[5] Plaintiff's detainment was pursuant to a contract between the BOP and Grady County Jail to provide housing, safekeeping, and subsistence to federal prisoners in transit.

[6] The Federal Defendants also moved for dismissal of Plaintiff's RFRA claims for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), and failure to allege facts demonstrating a substantial burden on religious exercise as required by 42 U.S.C. § 2000bb-1(c). However, their motion can be decided on grounds of sovereign immunity, so the Court declines to address the Federal Defendants' other grounds for dismissal.

**DISCUSSION**

**I. Governing Standards**

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. U.S. Dept. of the Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), *cert. denied*, 538 U.S. 999 (2003)). The Federal Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) presents a facial attack on the sufficiency of Plaintiff's Complaint to establish subject matter jurisdiction. Therefore, the Court confines its review to the pleadings and accepts as true the allegations in the Complaint. *See Peterson v. Martinez*, 707 F.3d 1197, 1205-06 (10th Cir. 2013); *Holt v. U.S.*, 46 F.3d 1000, 1002 (10th Cir. 1995).

When considering whether Plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(6), the Court accepts as true all well-pleaded factual allegations, and views them in the light most favorable to Plaintiff. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). However, Plaintiff's Complaint must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the

pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, in assessing plausibility, the Court will first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

## II. Analysis

### *Bivens* Claims

Plaintiff's *Bivens* claims for monetary damages against the Federal Defendants in their official capacity must be dismissed on grounds of sovereign immunity. *See Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (finding absent a waiver, "[a] *Bivens* action may not be brought against federal ... agents acting in their official capacities"). Plaintiff's Objection asks the Court to reconsider the Report and Recommendation because "*Bivens* [does] ... allow[] courts to recognize a cause of action ... against ... individual officials for unconstitutional conduct." Pl.'s Obj. [Doc. No. 57] at 1. Without addressing whether Plaintiff's claims are generally actionable under *Bivens*, the Court concludes that dismissal of Plaintiff's *Bivens* claims against the Federal Defendants is proper because "[e]ven in circumstances in which a *Bivens* remedy is generally available, an action under *Bivens* will be defeated if the defendant is immune from suit." *Hui v. Castaneda*, 559 U.S. 799, 807 (2010).

### **RFRA Claims**

Plaintiff's RFRA claims for monetary damages against the Federal Defendants in their official capacity must also be dismissed on grounds of sovereign immunity. Although RFRA is "applicable to federal officials," the United States Government has not unequivocally waived its sovereign immunity for monetary damages awards under RFRA.[7] *Kikumura v. Hurley*, 242 F.3d 950, 960 (10th Cir. 2001). Because "Congress did not unequivocally waive its sovereign immunity in passing RFRA," the Act "does not therefore authorize suits for money damages against [federal] officers in their official capacities." *Davila v. Gladden*, 777 F.3d 1198, 1210 (11th Cir. 2015).

**§ 1983 Claims**

The Court declines to dismiss Plaintiff's § 1983 claims against Defendant Lennier in his official capacity. Defendant Lennier maintains that he is an improper party to this suit because neither he, nor the Board, had any direct involvement in, or final policy-making authority over, the events that gave rise to this litigation. The Court finds that, as a matter of law, neither of these reasons shield Grady County from potential liability in this case.

In support of his objection, Defendant Lennier cites *Jantzen v. Hawkins*, 188 F.3d 1247 (10th Cir. 1999) for the proposition that "a municipality cannot be liable under § 1983 for acts of a municipal officer in his official capacity 'unless that official possesses final

---

[7] "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text ... and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (*citing U.S. v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34, 37 (1992); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* (*citing U.S. v. Williams,* 514 U.S. 527, 531 (1995) ("[W]hen confronted with a purported waiver of the Federal Government's sovereign immunity, the Court will 'constru[e] ambiguities in favor of immunity.'")). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Id.* (citing *Nordic Vill.,* 503 U.S. at 34).

policymaking authority to establish municipal policy with respect to acts in question.'" *Id.* at 1259 (*quoting Houston v. Reich*, 932 F.2d 883, 887 (10th Cir.1991)). Defendant Lennier is misguided in his application, however, because Plaintiff is not suing Grady County *for the acts of* Defendant Lennier, but rather suing Grady County *through* Defendant Lennier and the Board.[8] The Board is not a separate entity from Grady County,[9] and Defendant Lennier, as Grady County Commissioner, is a proper party to this suit if "[a] claim against *the county* is stated." *Snow*, *supra* note 7 (emphasis in original); *see also* OKLA. STAT. tit. 19, § 4 (identifying the Board of County Commissioners as the proper party in a suit against a county).

In further support of his objection, Defendant Lennier distinguishes the Grady County Sheriff from the Grady County Criminal Justice Authority, a Public Title 60 Trust (the "Trust"). Here, the Trust, not the Sheriff, runs the Grady County Jail, which Defendant Lennier contends precludes himself and the Board from liability regarding incidents occurring at the Grady County Jail.[10] Although, unlike the Board, the Trust is a distinct legal entity from Grady County, it was created "for the furtherance ... of any public function which

---

[8] "A claim against a government actor in his official capacity 'is essentially another way of pleading an action against the county or municipality' he represents, and is considered under the standards applicable to 42 U.S.C. § 1983 claims against ... counties." *DuBois v. Bd. of Cty. Comm'rs. of Mayes Cty.*, No. 12-CV-677-JED, 2014 WL 4810332 at *4 (N.D. Okla. Sept. 29, 2014) (unpublished op.) (*quoting Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) ; "A suit brought against a county's board of county commissioners is the way Oklahoma law contemplates suing the county." *Snow,v. Bd. of Cty. Comm'rs. of McClain Cty.*, CIV-14-911-HE, 2014 WL 7335319 at *2 (W.D. Okla. Dec. 19, 2014).

[9] *See Snow*, *supra* note 7 (finding "[u]nder Oklahoma law, a county's board of county commissioners is not a separate legal entity from the county.").

[10] Defendant argues that the language of OKLA. STAT. tit. 60 § 176.1 identifying a Title 60 trust as "a legal entity separate and distinct," whose "affairs ... shall be separate and independent" from the beneficiary, guarantees immunity for Grady County. *Id.* § 176.1 (A), (D).

[the county] might be authorized by law to perform." *Tulsa Cty. Deputy Sheriff's F.O.P., Lodge No. 188 v. Bd. of Cty. Comm'rs of Tulsa Cty.*, 995 P.2d 1124, 1131 (Okla. 2000) (emphasis added); *see also* OKLA. STAT. tit. 60 § 176.1 (B)(3). Therefore, Defendant Lennier's contention that holding Grady County liable for actions of the Trust is akin to holding Grady County liable for acts of a different county or city government[11] is unfounded, because the Trust acts in furtherance of Grady County's authority and in no way guarantees immunity to Grady County.

"To hold a county ... liable under § 1983, a plaintiff must demonstrate (1) the existence of a municipal policy or custom by which the plaintiff was denied a constitutional right and (2) that the policy or custom was the moving force behind the constitutional deprivation." *DuBois*, *supra* note 7 (*citing City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 694 (1978); *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)). Here, Plaintiff alleges that the Grady County Jail failed to follow BOP policies and, instead, regularly follows a practice of failing to provide kosher meals. Plaintiff's allegations demonstrate a "practice" of the Trust that qualifies as "an official policy or custom for § 1983 municipal-liability purposes." *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 770 (10th Cir. 2013). These allegations, when taken as true and viewed in the light most favorable to Plaintiff, are sufficient to meet the plausibility requirements of pleading. No more is required of Plaintiff at this stage, and Defendant Lennier's Motion to Dismiss is denied.

**Defendant Wyatt's Objection**

---

[11] *See* Def.s' Obj. [Doc. No. 56] at 5.

The Court declines to consider Defendant Wyatt's general objection to the Report and Recommendation, as it raises material not previously presented in a dispositive motion. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (holding "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1184-85 (10th Cir. 2011); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).

## CONCLUSION

The Court has conducted the *de novo* review required by 28 U.S.C. § 636(b) of "those portions of the report ... to which objection is made." *Id.* Upon review, the recommendation of Magistrate Judge Jones will be followed.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 55] is ADOPTED in its entirety. The Federal Defendants' Motion to Dismiss [Doc. No. 37] is GRANTED, and Plaintiff's *Bivens* and RFRA claims for monetary damages against the Federal Defendants are hereby dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1). Defendant Lennier's Motion to Dismiss or in the Alternative Motion for Summary Judgment [Doc. No. 36] is DENIED.

IT IS FURTHER ORDERED that this matter is re-referred to Judge Jones for further proceedings consistent with the initial case referral.

IT IS SO ORDERED this 11th day of May, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE