IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD AMMAR CHICHAKLI, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-15-687-D
 )
CHARLES E. SAMUELS, JR., Director, )
Federal Bureau of Prisons, et al., )
 )
    Defendants. )

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Before the Court is Plaintiff's Motion [Doc. No. 58] requesting leave to amend his Complaint. Defendants have filed responses [Doc. Nos. 59 and 60] and Plaintiff has replied [Doc. No. 62]. This matter has been re-referred by United States District Judge Timothy D. DeGiusti for proceedings consistent with the initial case referral. *See* Order [Doc. No. 61] at p. 9. For the reasons set forth below, it is recommended that the Motion be denied.

**I.    Relevant Procedural History**

Plaintiff brings this action against federal and state actors alleging violations of his federal constitutional rights to religious exercise. The Court has dismissed Plaintiff's claims against the federal actors, Defendants Samuels and Harlow[1] (the Federal Defendants). Plaintiff expressly alleged official-capacity claims for monetary relief only and the Court dismissed the claims on grounds of sovereign immunity. *See* Order [Doc. No. 61].

Plaintiff's claims against the remaining state actors are brought pursuant to 42 U.S.C. § 1983. Plaintiff has sued the state actors, Defendants Shane Wyatt, Director, Grady County

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court substituted Defendant Harlow for Defendant Hylton as Defendant Hylton is no longer Director of the United States Marshal Service. *See* Order [Doc. No. 61] at p. 2, n. 2.

Criminal Justice Authority, and Mike Lennier, Grady County Commissioner (the State Defendants), in their official capacities and alleges that Grady County has a policy or practice of not providing food that complies with kosher standards in violation of Plaintiff's First Amendment rights. He further alleges that during his detention at the Grady County Jail he was denied access to legal materials and jail officials interfered with his ability to practice the tenets of his faith.

## II. Plaintiff's Request for Leave to Amend the Complaint

Approximately one year after filing the original Complaint, Plaintiff filed the pending Motion seeking leave to amend his Complaint. Plaintiff wants to bring a claim for "other relief" against the Federal Defendants and contends that the Administrative Procedures Act, 5 U.S.C. § 702 (APA), provides a waiver of sovereign immunity for such relief.[2]

Plaintiff also wants to name the Grady County Criminal Justice Authority (GCCJA) as a defendant in this action. He further seeks leave to amend to add the trustees of the GCCJA as defendants and bring individual-capacity claims for monetary damages against them.

Finally, Plaintiff seeks leave to amend his Complaint to add an individual-capacity claim for monetary damages against the "Director/Manager of Food Service" at the Grady County Jail. He asserts that this individual has "knowingly engaged in the fraud of forged 'kosher' marking [of food or containers]." *See* Proposed Am. Compl. [Doc. No. 58-1] at p. 4.

---

[2] Although not abundantly clear, it appears Plaintiff may also request a reconsideration of the District Court's ruling as to the dismissal of Plaintiff's claims against the Federal Defendants on grounds of sovereign immunity. *See* Proposed Am. Compl. at p. 2. This request does not comply with the Court's local rules requiring that each motion be filed as a separate document. *See* LCvR 7.1(c). Moreover, any such request is appropriately brought before the District Judge rather than the undersigned. Therefore, the undersigned has declined to address the reconsideration issue.

2

### III. Governing Standard

Leave to amend should be freely given when "justice so requires." Fed. R. Civ. P. 15(a). Nonetheless, denying leave to amend is proper if the motion to amend is unduly delayed, futile or sought in bad faith. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (quotations and citation omitted). "In deciding whether a delay is 'undue,' [courts] focus primarily on the reasons for the delay." *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010). Where no adequate explanation for the delay is provided, denial of leave to amend is appropriate. *Id*.

### IV. Analysis

#### A. Plaintiff's Motion to Amend to Add a Claim for Non-Monetary Relief Against the Federal Defendants Should be Denied on Grounds of Futility

The Federal Defendants oppose amendment of Plaintiff's Complaint to assert claims for non-monetary relief against them contending that: (1) any request for injunctive relief is moot; (2) the proposed amendment fails to state a cognizable claim for relief; and (3) Plaintiff has not demonstrated exhaustion of administrative remedies rendering any amendment futile. Because the Court finds Plaintiff's claim for injunctive relief is moot rendering amendment futile, the Court need not address the Federal Defendants' alternative grounds for denying Plaintiff's Motion.

As discussed in the Court's prior R.&R. [Doc. No. 55], Plaintiff's claims arise out of his temporary detainment at the Grady County Jail, pursuant to a contractual agreement between the United States Bureau of Prison (BOP) and the Grady County Jail. Plaintiff's detention at the Grady County Jail ended in February 2015. He is currently housed at a BOP facility in Ayer,

Massachusetts, FMC Devens. *See* Notice of Change of Address [Doc. No. 43]. Plaintiff does not allege any ongoing violations of his constitutional rights.

Plaintiff fails to identify the nature of injunctive relief sought against the Federal Defendants. He only states that the APA "provides the waiver of sovereign immunity for other than money damages." *See* Proposed Am. Comp. at p. 2. Plaintiff's conclusory allegation is insufficient to state a claim for injunctive relief. But in any event, as the Court previously addressed, Plaintiff's transfer from the Grady County Jail renders any request for injunctive relief moot. *See* R.&R. at p. 3, n. 3 (*citing Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997); *Jordan v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011)). Accordingly, Plaintiff's proposed amendment to assert a claim for relief "other than money damages" against the Federal Defendants should be denied. Any such amendment would be futile.

### B. Plaintiff's Proposed Amendment to Add the GCJAA Should be Denied

Plaintiff seeks to add an official capacity claim against the GCJAA. As discussed above, Plaintiff's claim against Shane Wyatt, Director of the GCJAA, is an official-capacity claim. *See, e.g., Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998) ("An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works."). Therefore, Plaintiff has properly brought claims against the GCJAA. Further amendment of the Complaint to separately name the GCJAA is unnecessary and, therefore, Plaintiff's motion requesting leave to add the GCJAA should be denied.

### C. Plaintiff's Proposed Amendment to Add Individual-Capacity Claims Against the Trustees of the GCJAA Should be Denied as Futile

In support of individual-capacity claims against the trustees of the GCJAA, Plaintiff states that they have "deprived him from his right to practice his religion by denying him 'kosher food,' and by denying him his bible and the ability to pray, and by fraudulently marking and

4

serving food know [sic] to them to be 'not kosher' as 'kosher' for the purpose of profiteering." *See* Proposed Am. Compl. at p. 3. Plaintiff alleges no facts to demonstrate when or how these individuals engaged in this alleged conduct. Indeed, Plaintiff alleges no facts to demonstrate the trustees were ever present at the Grady County Jail during Plaintiff's temporary detention there. Nor does Plaintiff allege facts demonstrating the trustees controlled or directed actions at the Grady County Jail.[3]

It is well-established that personal participation in the deprivation of a constitutional right is an essential element of a § 1983 claim. *See Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). Moreover, the doctrine of respondeat superior does not apply, so "the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1527 (10th Cir. 2008).

Absent more specific allegations demonstrating personal participation by the individual trustees, Plaintiff cannot state plausible individual-capacity claims for relief against them. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *see also Bryson v. Gonzales*, 534 F.3d 1282, 1290 (10th Cir. 2008) (recognizing the importance of requiring a complaint to "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the

---

[3] In his Reply, Plaintiff further states that the trustees knew or should have known that the Grady County Jail is not licensed to prepare kosher food by any licensing authority. *See* Reply [Doc. No. 62] at p. 2, ¶ 2. Even if this additional allegation were considered part of the proposed Amended Complaint, it is insufficient to support an individual-capacity claim against any trustee.

5

basis of the claims against him or her, as distinguished from collective allegations against the state."). And Plaintiff fails to state any facts alleging that the trustees either directed employees at the Grady County Jail to act in a certain way or that the trustees failed to supervise those employees. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("Supervisory status alone does not create § 1983 liability. Rather, there must be an affirmative link between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.") (internal quotations and citation omitted); *see also Martinez v. Decesaro*, 427 F. App'x 660, 663 (10th Cir. 2011) ("A plaintiff cannot establish liability under § 1983 merely by showing the defendant was in charge of other state actors who actually committed the constitutional violation. Instead, . . . the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights." (internal quotation marks, alterations and citations omitted)).

For these reasons, amendment of the Complaint to add individual-capacity claims against the trustees would be futile. *See Brewer v. Gilroy*, 625 F. App'x 827, 839-40 (10th Cir. 2015) (affirming district court's denial of leave to amend complaint on grounds of futility where the plaintiff's motions to amend "failed to identify any allegations that would cure the deficiencies" as to the claims raised). Therefore, Plaintiff's motion for leave to amend the Complaint to add individual-capacity claims against the GCCJA trustees should be denied.

### D. Plaintiff's Request to Add a Claim Against the Food Service Manager/Director at the Grady County Jail Should be Denied Based Upon Undue Delay

Plaintiff's proposed claim against the Food Service Manager/Director at the Grady County Jail alleges that this individual fraudulently marked food and containers as kosher when they were not. *See* Proposed Am. Compl. at p. 4. He further alleges this individual failed to have the food and containers inspected and certified by a "competent Rabbinic authority." *Id*.

Plaintiff claims this conduct constitutes intentional discrimination against him in violation of 18 U.S.C. §§ 257 and 426. *Id*. These statutory provisions do not exist. The Court liberally construes the proposed claim as one brought pursuant to 42 U.S.C. § 1983.[4]

The State Defendants contend that amendment would be futile but offer no argument in support. Accordingly, the Court rejects futility as a ground for denying Plaintiff leave to amend.

The State Defendants also oppose the amendment on grounds of undue delay. *See* Resp. [Doc. No. 59] at p. 5 ("Plaintiff provides no basis whatsoever for his delay in attempting to add this unnamed Defendant into the proceedings."). In his Reply, Plaintiff leaves this issue wholly unaddressed. And, a review of Plaintiff's Motion similarly demonstrates that Plaintiff fails to address reasons why he did not include a claim against this individual in his original Complaint.

Under well-established Tenth Circuit law, delay alone is a sufficient reason to deny leave to amend. *Frank*, 3 F.3d at 1365. And this rule applies "especially when the party filing the motion has no adequate explanation for the delay." *Id*. at 1365-66 (citation omitted). Additionally, where the party knows or should have known of the facts upon which the proposed amendment is based but does not include them in the original complaint, denial of a motion to amend is proper. *Id*. at 1366.

A review of the allegations of the original Complaint convince the Court that Plaintiff knew or should have known of his claim against the Food Service Director/Manager at the time he filed his original Complaint. This fact, coupled with Plaintiff's failure to offer any explanation for the one-year delay in bringing a claim against this individual, warrant a denial of Plaintiff's Motion. *See Cohen*, 621 F.3d at 1313 (collecting cases affirming denial of leave to

---

[4] Plaintiff cited these same statutory provisions in relationship to his proposed claims against the trustees of the GCCJA. *See* Proposed Am. Compl. at p. 3. For the same reasons, the Court has construed the claims against the trustees as brought pursuant to § 1983.

amend where delays included fourteen and seventeen months, respectively, and the plaintiffs offered no explanation for the delays); *see also Williams v. Wilkinson*, No. 15-7022, 2016 WL 1459529 at *14 (10th Cir. Apr. 14, 2016) (unpublished op.) (affirming district court's denial of prisoner's motion to amend filed more than one year after original complaint where prisoner failed to identify any adequate explanation for the delay). Moreover, in advance of the filing of Plaintiff's Motion, the Court had received the Court-ordered Special Report and dispositive motions had been ruled upon. *See Shifrin v. Toll*, 483 F. App'x 446 (10th Cir. 2012) (finding district court did not abuse its discretion in denying prisoner leave to file second amended complaint after briefing on defendants dismissal motions had concluded where the prisoner knew or should have known of the allegations he sought to add at the time he filed his first amended complaint). Under these circumstances, Plaintiff should be denied leave to amend to add a claim against the Grady County Food Service Director/Manager.

## **RECOMMENDATION**

It is recommended that Plaintiff's Motion [Doc. No. 58] requesting leave to amend his Complaint be denied.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by August 1 , 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

All pending matters before the undersigned have now been resolved and, therefore, this Report and Recommendation terminates the referral by the District Judge.

ENTERED this 11th day of July, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE