# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD AMMAR CHICHAKLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-687-D |
| ) | |
| SHANE WYATT, Director, Grady ) | |
| County Criminal Justice Authority, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## O R D E R

Plaintiff Richard Ammar Chichakli, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, seeking monetary damages for alleged violations of his First Amendment rights.[1] The matter was referred to United States Magistrate Judge Bernard M. Jones for initial proceedings consistent with 28 U.S.C. § 636(b). On July 11, 2016, Judge Jones issued a Report and Recommendation [Doc. No. 63] in which he recommended the Court deny Plaintiff's Motion to Amend Complaint [Doc. No. 58]. Plaintiff timely objected [Doc. No. 64]. The Court, having conducted a *de novo* review,[2] finds that Plaintiff's Objection is overruled, and adopts the Report and Recommendation in its entirety.

---

[1] Prior to the Court's dismissal of claims against Charles E. Samuels, Jr., Director, Federal Bureau of Prisons, and Stacia A. Hylton, Director, United States Marshals Service (for whom David L. Harlow was substituted as Defendant pursuant to Fed. R. Civ. P. 25(d)) (collectively, "Federal Defendants"), Plaintiff's Complaint included claims brought under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1.

[2] Pursuant to Fed. R. Civ. P. 72(b)(3), where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id.*; *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

**BACKGROUND**

Pursuant to a contract between the United States Bureau of Prisons ("BOP") and Grady County Jail ("GCJ") to provide housing, safekeeping, and subsistence to federal prisoners in transit, Plaintiff was temporarily detained at the GCJ in February 2015. Plaintiff alleges that during his detention at the GCJ, and despite the BOP's pre-approval, he was denied the ability to practice the tenets of his faith. Specifically, Plaintiff alleges the meals he received were not kosher, that Grady County has a policy of failing to provide Kosher meals to its inmates, and that he was denied access to personal items of religious clothing and a prayer book.

Plaintiff has sued Shane Wyatt, Director, Grady County Criminal Justice Authority ("GCCJA"), and Mike Lennier, Grady County Commissioner (collectively, "State Defendants"), in their official capacities. By his Motion, Plaintiff requests leave to add a claim, pursuant to the Administrative Procedures Act, 5 U.S.C. § 702 ("APA"), against the previously dismissed Federal Defendants; add the GCCJA as a defendant, as well as its trustees in their individual and official capacities; and add the "Director/Manager of Food Service" of the GCJ as a defendant in his individual capacity for "fraudulently marking food containers . . . 'kosher' without having such food and containers inspected and certified by competent rabbinic authority." Proposed Am. Compl. [Doc. No. 58-1] at 4.

**DISCUSSION**

**I. Governing Standard**

Because leave to amend should be freely given "when justice so requires" (Fed. R. Civ. P. 15(a)), a district court must justify its denial of a motion to amend with reasons such

as futility of amendment or undue delay. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996). "'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quoting *Jefferson Cnty. Sch. Dist. v. Moody's Inv'r's Servs.*, 175 F.3d 848, 859 (10th Cir.1999)). The Tenth Circuit has held that undue delay is evident "'when the party filing the motion has no adequate explanation for the delay.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

**II. Analysis**

Plaintiff requests leave to amend his Complaint[3] "in accordance to new information he learned on [March 29, 2016] . . . which . . . materially affects this case." Mot. [Doc. No. 58] at 1. The "new" information to which Plaintiff refers is "that [GCCJA] is, in fact, a public trust, distinct from the settlor and from the government entity that is its beneficiary." Proposed Am. Compl. [Doc. No. 58-1] at 1 (quotations and citations omitted). Without addressing whether this explanation is adequate as to Plaintiff's request to add the GCCJA and its trustees as defendants, the Court finds that it does not adequately explain Plaintiff's delayed requests to add a claim against the Federal Defendants or the "Director/Manager of Food Service" of the GCJ. Therefore, the Court hereby denies Plaintiff's Motion to Amend Complaint as to the Federal Defendants[4] and the "Director/Manager of Food Service" of the

---

[3] Plaintiff's original Complaint [Doc. No. 1] was filed on April 1, 2015.

[4] Even if Plaintiff were able to provide adequate explanation for his delay as to his request regarding the Federal Defendants, his Proposed Amended Complaint fails to articulate anything other than a conclusory allegation against the Federal Defendants, which is insufficient to state a claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Therefore, Plaintiff's request to add a claim against the Federal

3

GCJ for undue delay. *See Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010) ("In deciding whether a delay is 'undue,' [courts] focus primarily on the reasons for the delay." The court further noted denial of leave to amend is appropriate when no adequate explanation is given.).

Plaintiff's request to add the GCCJA and its trustees in their official capacities as defendants is unnecessarily repetitive and thus, futile. Any action against the director or trustees of the GCCJA in their official capacities is essentially a claim against the GCCJA itself. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (emphasizing "that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent") (quotations and citations omitted); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Because Plaintiff has already brought a claim against Defendant Wyatt, Director of the GCCJA, in his official capacity, it is futile to add the GCCJA and its trustees in their official capacities as named parties to the action. Further supporting the Court's analysis is Plaintiff's allegation of a "policy" of failing to provide Kosher meals to inmates. *See Hafer*, 502 U.S. at 25 ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's 'policy or custom' must have played a part in the violation of federal law.") (quotations and citations omitted). Therefore, the Court hereby denies Plaintiff's Motion to Amend Complaint as to the GCCJA and its trustees in their official capacities for reasons of futility.

---

Defendants is also futile because it could not survive a motion to dismiss.

4

Plaintiff's request to add the GCCJA trustees in their individual capacities as defendants is also futile. Plaintiff has failed to allege facts that demonstrate the trustees' personal involvement as required for a claim of individual liability by the Tenth Circuit in *Foote v. Spiegel*, 118 F.3d 1416 (10th Cir. 1997). *See id.* at 1423 (finding that a § 1983 claim for individual liability "must be based on personal involvement in the alleged constitutional violation").[5] Therefore, the Court hereby denies Plaintiff's Motion to Amend Complaint as to the trustees in their individual capacities as futile.

## CONCLUSION

The Court has conducted the *de novo* review required by 28 U.S.C. § 636(b) of "those portions of the report . . . to which objection is made." *Id.* Upon review, the recommendation of Magistrate Judge Jones will be followed.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 63] is ADOPTED in its entirety. Plaintiff's Motion to Amend Complaint [Doc. No. 58] is DENIED.

IT IS FURTHER ORDERED that this matter is re-referred to Judge Jones for further proceedings consistent with the initial case referral.

---

[5] The closest Plaintiff comes to alleging specific facts against the trustees is in his Reply [Doc. No. 62], wherein he argues that the trustees knew or should have known that GCJ is not licensed to prepare kosher food. *See id.* at 2.

5

IT IS SO ORDERED this 12th day of August, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE