IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| RICHARD AMMAR CHICHAKLI, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-15-687-D |
|  | ) |  |
| CHARLES E. SAMUELS, JR., Director, | ) |  |
| Federal Bureau of Prisons, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**REPORT AND RECOMMENDATION ON DEFENDANT MIKE LENNIER'S
MOTION FOR SUMMARY JUDGMENT [DOC. NO. 90]**

Before the Court is the Motion for Summary Judgment [Doc. No. 90] of Defendant Mike Lennier, in his official capacity (Defendant Lennier's Motion). United States District Judge Timothy D. DeGiusti has referred this matter for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Defendant Lennier's Motion be granted in part and denied in part.[1]

---

[1] Defendant Lennier moves for summary judgment notwithstanding the fact that he failed to file a responsive pleading within 14 days after the Court ruled on his motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A). Nor has Defendant Lennier moved for leave to file a responsive pleading out of time. It appears this failure is the result of inadvertence and Plaintiff has not identified any resulting prejudice. Defendant Lennier has otherwise participated fully in the action and is represented by the same counsel as his co-defendant, who did file an answer. *Cf. Dorrough v. Geo Group, Inc.*, No. 14-1389-D, 2016 WL 5173399 at *1 (W.D. Okla. Sept. 21, 2016) (unpublished op.) (finding defendant's counsel could "barely be faulted for overlooking the fact that an answer had never been filed" where defendant has filed multiple motions for dismissal, extensively briefed its defenses and otherwise vigorously defended the case). Moreover, the only affirmative defense at issue is whether Plaintiff exhausted administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), and by separate Report and Recommendation, the Court recommends denial of summary judgment as to that affirmative defense. Under these circumstances, the Court proceeds to review the merits of Defendant Lennier's Motion.

I.  **Grounds for Summary Judgment**

With one exception, Defendant Lennier moves for summary judgment on identical facts, legal argument, and evidence as relied upon by his co-defendant. *See* Motion for Summary Judgment [Doc. No. 89] of Defendant Shane Wyatt, in his official capacity (Co-Defendant's Motion). By separate order entered this same date, the Court finds Co-Defendant's Motion should be granted in part and denied in part. The Court, therefore, adopts and incorporates the analysis set forth in the Report and Recommendation on Co-Defendant's Motion as to the identical claims brought against Defendant Lennier.

But Defendant Lennier additionally seeks summary judgment on grounds that he is not a proper party to this lawsuit. As more fully set forth below, Defendant Lennier has previously raised this identical argument in these proceedings and the District Court rejected it. The Court, therefore, construes Defendant Lennier's Motion, as to this one issue, as a motion for reconsideration and separately addresses it.

II. **Analysis**

In this action, Plaintiff brings official capacity claims for relief pursuant to 42 U.S.C. § 1983, premised in part, on allegations that while detained at the Grady County Jail, his First Amendment religious exercise rights were violated. He claims the violation of his constitutional rights resulted from an official policy, custom or practice at the Grady County Jail.

Defendant Lennier is sued in his official capacity as a member of the Grady County Board of County Commissioners. Defendant Lennier contends the Board of County Commissioners lacks any authority, under Oklahoma law, with respect to the operation of the Grady County Jail. Instead, Defendant Lennier contends the Grady County Jail is operated by the Grady County Criminal Justice Authority, a public trust. *See* Okla. Stat. tit. 60, § 176.1.

Defendant Lennier raised these identical arguments in a previously filed Motion to Dismiss [Doc. No. 36] and in Objections [Doc. No. 56] to the Court's Report and Recommendation denying the Motion to Dismiss. The District Court rejected these arguments and adopted the Report and Recommendation. *See* Order [Doc. No. 61]. Plaintiff's official capacity claims against Defendant Lennier are claims against Grady County. *See id*. at p. 7 and n. 8. The District Court reasoned that "the Trust acts in furtherance of Grady County's authority and in no way guarantees immunity to Grady County." *Id*. at p. 8.

Because Defendant Lennier moves for summary judgment on identical grounds as those previously addressed by the Court, Defendant Lennier's Motion is best construed as a motion for reconsideration.[2] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012; *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

---

[2] Defendant Lennier makes two factual allegations to support a motion for summary judgment. First, he states that "up through February 2015" the time period relevant to Plaintiff's claims, he did not serve on the "Board of the Grady County Criminal Justice Center" and "played no role in running or administering the Grady County Jail." *See* Def. Lennier's Mot. at p. 19. Again, however, Defendant Lennier is sued in his official capacity as a member of the Grady County Board of County Commissioners, which means the claims against Defendant Lennier are claims against Grady County. As previously addressed by the Court in ruling on Defendant Lennier's Motion to Dismiss, the dispositive issue is whether Plaintiff has established grounds for imposition of § 1983 liability *against Grady County*. The facts Defendant Lennier relies upon, therefore, are not material to this issue.

Defendant Lennier points to no intervening change in the controlling law. Rather, Defendant Lennier makes the identical legal argument as previously raised, relying on the same citations to case law and statutory authority. Nor does Defendant Lennier rely on new evidence previously unavailable. And Defendant Lennier demonstrates no grounds for clear error or that reconsideration is necessary to prevent a manifest injustice.

The District Court determined Grady County (sued through Plaintiff's official capacity claims against Defendant Lennier) is a proper defendant in this action notwithstanding the role of the Trust in the administration of the Grady County Jail. Defendant has failed to establish grounds for upsetting that determination.[3]

## **RECOMMENDATION**

It is recommended that Defendant Lennier's Motion for Summary Judgment [Doc. No. 90], construed in part as a motion for reconsideration with respect to the issue of whether Defendant Lennier is a proper party to this action, be denied. In all other respects, the Court's findings, as more fully set forth in its Report and Recommendation on Defendant Wyatt's Motion for Summary Judgment [Doc. No. 89] and Plaintiff's Cross-Motion for Summary Judgment [Doc. No. 91], are incorporated herein. Accordingly, it is recommended that:

1) Defendant Lennier's Motion for Summary Judgment be granted as to Plaintiff's claim for § 1983 relief alleging a free exercise violation regarding his right to access religious materials and engage in prayer practices;

---

[3] The Court corrects one matter set forth in the prior Report and Recommendation, but which did not serve as a basis upon which the District Court entered its Order adopting the Report and Recommendation. In the Report and Recommendation, the undersigned stated: "[I]n this case, the Sheriff was also named as a party and sued in his official capacity." *See* R&R at p. 7, n. 9. But as the District Court was made aware through Defendant's Objection, the Sheriff is not a named party to this action. Instead, the Jail Administrator, Jim Gerlach, in his official capacity, is named as a party to this action. The District Court fully considered this matter. *See* Order at pp. 7-8.

2) Defendant Lennier's Motion for Summary Judgment be denied in all other respects. Disputed issues of material fact exist with respect to (a) the affirmative defense of exhaustion of administrative remedies under 42 U.S.C. § 1997e(a); (b) whether the limitation on recovery set forth in 42 U.S.C. § 1997e(e) applies; (c) whether Plaintiff's religious beliefs are sincerely held; and (d) whether Defendant substantially burdened Plaintiff's free exercise rights by serving him food that did not comply with the requirements of a kosher diet;

3) Plaintiff's Cross-Motion for Summary Judgment be denied because it relies on the same factual and legal issues as those addressed by the Court in ruling on Defendants' Motions for Summary Judgment; and

4) Plaintiff's claim for punitive damages be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by September 5, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

In conjunction with the Report and Recommendation on Defendant Wyatt's Motion for Summary Judgment [Doc. No. 89] and Plaintiff's Cross-Motion for Summary Judgment [Doc. No. 91] filed on this same date, this Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 15th day of August, 2017.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE