# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD AMMAR CHICHAKLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-687-D |
| | ) | |
| CHARLES E. SAMUELS, JR., Director, | ) | |
| Federal Bureau of Prisons, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This matter is before the Court for review of the Report and Recommendation ("Report") issued August 15, 2017 [Doc. No. 122], by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Jones recommended the Court grant in part and deny in part Defendant Mike Lennier's Motion for Summary Judgment [Doc. No. 90].

The time for filing objections to the Report expired on September 5, 2017.[1] Defendant Mike Lennier timely objected [Doc. No. 124]. The Court, having conducted a *de novo* review[2], overrules Defendant's objections and adopts the Report in its entirety.[3]

---

[1] Judge Jones issued a separate report concerning Defendant Jim Gerlach's Motion for Summary Judgment [Doc. No. 121], which was addressed by the Court in a separate order [Doc. No. 125].

[2] The Court must make a *de novo* determination of any part of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

[3] Plaintiff has not objected to the Report or requested additional time to object. *See Moore v. United States*, 950 F.3d 656, 659 (10th Cir. 1991) (Tenth Circuit has adopted a firm

With one exception, Defendant Lennier moved for summary judgment on the same facts, legal argument and evidence as Defendant Gerlach. [Doc. Nos. 89, 90, 121]. By separate order, the Court granted in part and denied in part Defendant Jim Gerlach's Motion for Summary Judgment. [Doc. No. 125]. Thus, the Court adopts and incorporates the analysis set forth in that order as to the identical claims brought against Defendant Lennier. Defendant Lennier also seeks summary judgment on grounds that he is not a proper party to this lawsuit. For reasons discussed below, the Court finds that Defendant Lennier is a proper party to this action.

Defendant Lennier is sued in his official capacity as a member of the Grady County Board of County Commissioners ("the Board"). Defendant Lennier maintains the Grady County Criminal Justice Authority, a Public Title 60 Trust ("the Trust"), operates the Grady County Jail and the Board has no direct involvement or final policy-making authority. *See* OKLA. STAT. tit. 60, § 176.1. Defendant Lennier raised these same arguments in his Motion to Dismiss [Doc. No. 36]. The Court rejected these arguments and denied Defendant Lennier's motion. [Doc. No. 61].[4]

---

waiver rule when a party fails to object to the findings and recommendations of the magistrate). Accordingly, for the same reasons set forth in the Court's prior order [Doc. No. 125], Plaintiff's claim for punitive damages against Defendant Lennier is dismissed and Plaintiff's Cross-Motion for Summary Judgment [Doc. No. 91] is denied.

[4] Judge Jones treated Defendant Lennier's Motion for Summary Judgment as a motion to reconsider. [Doc. No. 122] at 3-4. Defendant Lennier objects to this characterization because different legal considerations apply on a motion to dismiss and a motion for summary judgment. In light of the Court's *de novo* review, the issue is inconsequential.

Judge Jones noted in his Report that Defendant Lennier presents no new evidence or intervening controlling authority to support his position that he is an improper party. [Doc. No. 122] at 4. The Court agrees. Without any new facts, Defendant Lennier's assertion is subject to the same legal conclusion previously reached by this Court. Thus, upon *de novo* review, the Court adopts the Report as if fully set forth herein.

## CONCLUSION

For these reasons, the Court adopts Judge Jones' Report and Recommendation [Doc. No. 122].

IT IS THEREFORE ORDERED that Defendant Mike Lennier's Motion for Summary Judgment [Doc. No. 90] is GRANTED in part and DENIED in part. Defendant Lennier is entitled to summary judgment on Plaintiff's § 1983 claim regarding his First Amendment right of access to religious materials and ability to pray. However, genuine disputes of material facts preclude summary judgment on Plaintiff's § 1983 claim for denial of kosher meals.

IT IS FURTHER ORDERED that Plaintiff's Cross-Motion for Summary Judgment [Doc. No. 91] is DENIED and Plaintiff's claim for punitive damages is DISMISSED.

IT IS SO ORDERED this **4th** day of October 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE