## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) RICHARD AMMAR CHICHAKLI, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>2) CHARLES E. SAMUELS, JR., Director, )<br>Federal Bureau of Prisons, U.S. Department )<br>of Justice; )<br>3) STACIA HYLTON, Director, U.S. Marshall )<br>Service, U.S. Department of Justice; )<br>4) SHANE WYATT, Director, Grady County )<br>Criminal Justice Authority, Grady County, )<br>State of Oklahoma; )<br>5) MIKE LENNIER, Grady County )<br>Commissioner, Grady County District-2, )<br>State of Oklahoma; )<br>All in Their Official Capacity; )<br>)<br>Defendants. ) | Case No. CIV-15-687-D |

### AFFIDAVIT OF ERIC FORSYTHE

I, ERIC FORSYTHE, being of lawful age, state:

1. I am, and was at all times relevant to Plaintiff's Complaint, the liaison at the Grady County Jail with the federal government regarding the housing of federal detainees.

2. The Grady County Jail maintains a Detention Services Intergovernmental Agreement ("Agreement") with the U.S. Department of Justice United States Marshals Service Prisoner Operations Division. to provide housing, safekeeping, and subsistence of federal detainees. This agreement has been in place since May of 2005.

3. Under that Agreement, the Grady County Jail shall provide federal detainees with the same level and range of care inside the facility as that provided to state and local detainees. The



DEFENDANT'S
EXHIBIT
3

Agreement does not require the Grady County Jail to follow any policies of the federal Bureau of Prisons.

4. When a federal detainee is brought to the Grady County Jail, they are processed, and asked about their faith, any medical issues, among numerous other questions.

5. Federal detainee Richard Ammar Chichakli ("Chichakli") was transported to the Grady County Jail late at night on February 10, 2015, pursuant to the Agreement.

6. Shortly after his arrival at the Grady County Jail, Chichakli likely was kept in the gymnasium for approximately four hours until he could be processed in to the Grady County Jail. This is standard procedure for new arrivals. A kosher meal was likely not available late at night, as they have to be specially prepared under the direction of the Food Services Director.

7. Any materials that Chichakli brought with him from federal custody to the Grady County Jail, along with any documents from the Bureau of Prisons, were placed in Chichakli's property box by the flight crew.

8. During the book-in process, jailer Mikel Fitzpatrick spoke with Chichakli and filled out on the book-in sheet that Chichakli was Jewish. Mr. Fitzpatrick also noted on the book-in sheet that Chichakli kept "kosher," but placed it in the "Food Allergies" section of the book-in sheet.

9. When a federal detainee has an issue or concern at the Grady County Jail, they are required to fill out a Federal Detainee's Request for Services, which is provided to me. I will generally respond to Federal Detainee's Requests for Services as soon as practicable.

10. Bibles are made available upon request to all inmates at the Grady County Jail, whether or not they are federal detainees.

11. Generally, inmates (whether federal detainees or otherwise) can see a chaplain if they file a Request to see one. Without such a request, Chichakli would likely not have met with a

chaplain at any time during his stay at the Grady County Jail.

12. Sometime on or prior to February 14, 2015, I received paperwork from Chichakli regarding his request to use the prayer materials contained in his property box.

13. On approximately February 14, 2015, I personally met with Chichakli. Pursuant to the conversation in that meeting, the prayer materials in Chichakli's property box were placed in the central control room, so that Chichakli could use them for prayer as needed. I asked Chichakli if he would prefer to pray in a secluded area, and Chichakli answered "Yes." Chichakli also asked for a chalice, and explained that any vessel was sufficient as long as it could hold water. I provided him with an extra cup for prayer.

14. Pursuant to the meeting, Chichakli was also provided the Hebrew bible that was in Chichakli's property box to keep in his cell.

15. After the meeting described above, Chichakli was able to use all prayer materials that he brought with him as needed, in a private room (as Chichakli agreed to). Any mirrored glass in the room was almost certainly covered by a steel cover, and it is very improbable that other inmates could see in to the room. The room is watched by a video camera, like the mast majority of other spaces at the Grady County Jail.

16. Following the meeting described above, Chichakli was able to pray daily, with the exception of emergencies.

17. Also during the meeting, Chichakli also mentioned the issue of Kosher food, and I noticed that the Book-in sheet had erroneously stated "Kosher" under "food allergies," which seemed to imply that Chichakli was allergic to Kosher food. I rectified the situation, and made sure that Chichakli received kosher meals at all times after this meeting.

18. Chichakli's Jail file includes a notation that on approximately February 21, 2015,

Chichakli received a Request to Staff Form.

19. I likely received such a Request, which probably concerned Chichakli's request that the Kosher meals meet the standards he was used to at the federal Bureau of Prisons. However, in responding, I likely explained to Chichakli that the Grady County Jail is not required to follow any policies of the federal Bureau of Prisons.

FURTHER AFFIANT SAITH NOT

*[signature]*
Eric Forsythe

SUBSCRIBED AND SWORN to before me, the undersigned notary public this 3 day of November, 2015

*[signature]*
Notary Public

My commission expires:
June 18, 2019

```
BARBARA HOUSER
Notary Public - State of Oklahoma
Grady County
Commission # 15005720
My Commission Expires June 18, 2019
```