IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD AMMAR CHICHAKLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-687-D |
| | ) | |
| JIM GERLACH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion in Limine [Doc. No. 160], which is fully briefed and at issue. Plaintiff, a former federal prisoner appearing *pro se*, seeks monetary relief pursuant to 42 U.S.C. § 1983. Alleging a violation of his First Amendment right to religious exercise, Plaintiff asserts in his Complaint that during his confinement at the Grady County Jail he was denied kosher meals.[1]

Defendants seek pretrial rulings on the admissibility of evidence that may be offered at the jury trial currently set on the Court's August 14, 2018 docket. Upon consideration of the issues raised by Defendants, the Court makes the following determinations.

**A.    Untimely Disclosed Witnesses**

   **1.    Plaintiff**

Because Plaintiff did not provide a final witness list or list himself as a witness in the Final Pretrial Report [Doc. No. 158], Defendants seek to preclude Plaintiff from

---

[1] All other claims were disposed of on summary judgment. [Doc. Nos. 125, 126].

testifying. In response, Plaintiff asserts Defendants are not prejudiced because Defendants have taken Plaintiff's deposition twice and they list Plaintiff as their own witness. Pursuant to FED. R. CIV. P. 37(c)(1), a party's failure to identify a witness in a timely manner may be excused if the failure was substantially justified or is harmless. Similarly, under the Court's Scheduling Order, a witness omitted from a party's final witness list may be permitted to testify upon a showing of good cause. These standards are met as to Plaintiff's testimony. Although Plaintiff should have filed a witness list and included himself as a witness in the Final Pretrial Report, Defendants are well aware of Plaintiff's allegations and his likely testimony through Plaintiff's *pro se* filings in the case and his two prior depositions. Thus, Defendants are not prejudiced by Plaintiff's failure to name himself as a witness.

2.  **Plaintiff's Other Five Witnesses**

Defendants also move to exclude the testimony of Plaintiff's five witnesses listed in the Final Pretrial Report [Doc. No. 158]. Defendants contend that Plaintiff should not be permitted to call trial witnesses who were not timely disclosed under the Scheduling Order. However, Plaintiff identified these persons as potential witnesses as early as March 19, 2018, when he filed a motion with the Court seeking a court order to direct the United States Bureau of Prisons and the United States Probation Office to allow Plaintiff to communicate with these witnesses. [Doc. No. 130 at ¶ 5]. Plaintiff advised in that motion that the statements of these five "potential witnesses are essential for the trial of this case" and are "intended to address and refute Defendants' raised and asserted defenses related to Plaintiff's adherence and sincerity to the practice of Judaism." *Id.* at ¶ 2. Clearly,

Defendants had adequate time to depose these witnesses prior to the July 7, 2018 discovery cutoff. [Doc. No. 137 at 3].

Although Plaintiff never filed a witness list, there is no evidence of record that the failure was brought to his attention by Defendants until Defendants filed their motion in limine. Plaintiff has confirmed his desire to call these five witnesses by listing them as witnesses in the Final Pretrial Report. His failure to list them as witnesses earlier does not prejudice Defendants. The Court will grant a limited extension of discovery until August 10, 2018, to allow Defendants to depose these witnesses if they choose to do so.[2]

**B.     Undisclosed Exhibits**

In the Final Pretrial Report [Doc. No. 158], Plaintiff lists Exhibits 7, 8, 9, 10, 19 and 20. Defendants seek to preclude admission of these exhibits because they were not listed in Plaintiff's Final Exhibit List [Doc. No. 134] and have not been provided to Defendants. Plaintiff does not dispute these assertions. Plaintiff has not shown that his failure to timely name these exhibits or provide them to Defendants was substantially justified or is

---

[2] Despite the Court's ruling, it is questionable whether Plaintiff can timely secure the attendance of four of his witnesses for trial since they are in BOP custody. *See, e.g.,* LCrR46.1 ("It is the responsibility of the party calling the witness to prepare writs for appearance of witnesses in custody."); *Gilmore v. United States*, 129 F.2d 199, 202 (10th Cir. 1942) ("The writ of habeas corpus ad testificandum is a common law writ of ancient origin. Its object is to direct the custodian of a desired witness who is incarcerated to bring such witness into court to give testimony. The granting of the writ rests largely within the discretion of the court."); 28 U.S.C. § 2241(c)(5) (A writ of habeas corpus ad testificandum will not extend to a prisoner unless "[i]t is necessary to bring him into court to testify or for trial."). Certainly, Plaintiff can testify on his own behalf concerning his adherence to the practice of Jewish faith, and subpoena the witness who is not in custody, but it is doubtful that Plaintiff now has sufficient time to secure the appearance of in-custody witnesses.

harmless. Thus, Plaintiff will not be permitted to use these exhibits at trial, and they should not be listed by Plaintiff in the revised Final Pretrial Report.[3]

**C.     Dismissed Claims**

Defendants move to exclude all references to claims asserted in the Complaint that the Court has resolved by summary judgment (Plaintiff's ability to pray and have access to religious materials). Plaintiff makes no response to this contention. Accordingly, Defendants' motion to prohibit references to Plaintiff's dismissed claims will be granted.

**D.     Financial Condition of the Parties**

Defendants move this Court to instruct Plaintiff to refrain from making any reference to Defendants' financial condition, wealth or ability to pay any judgment or any suggestion that Plaintiff is "struggling to make ends meet." Defendants also seek exclusion of Plaintiff's Exhibits 3, 4 and 5 (U.S. Treasury Licenses and Sanctions Letter), which relate to whether there is an ongoing freeze of Plaintiff's assets by the United States. Plaintiff makes no response to these contentions.

"Reference to the wealth or poverty of either party, or reflection on financial disparity, is clearly improper argument." *Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519, 522 (10th Cir. 1983); *Whiteley v. OKC Corp.*, 719 F.2d 1051, 1055 (10th Cir. 1983) (finding that the financial condition of the defendant is only relevant at the punitive damages stage of the trial, if necessary).

---

[3] By separate order, the Court has rejected the Final Pretrial Report tendered by the parties, and has directed the filing of a revised Final Pretrial Report.

Accordingly, Defendants' motion to prohibit references to any party's financial condition will be granted. Plaintiff will not be permitted to use Plaintiff's Exhibits 3, 4 and 5 at trial, and they should not be listed by Plaintiff in the revised Final Pretrial Report.

**E.     Golden Rule Argument**

The Golden Rule argument "is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1580 (10th Cir. 1984). Plaintiff is directed to refrain from invoking the Golden Rule or inviting the jury to place themselves in his position.

**F.     Plaintiff's Testimony**

Defendants seek to preclude Plaintiff from offering his opinion on whether the meals served to him at the Grady County Jail met kosher diet restrictions. Further, Defendants seek to preclude Plaintiff from offering Plaintiff's Exhibits 11, 12 and 13 under the "guise of expert testimony." In response, Plaintiff states that he "has not claimed expertise in the Rabbinic Field, nor presented himself as [an] 'Expert in Judaism.'" [Doc. No. 162 at ¶ 4]. Plaintiff contends that he should be able to testify as to his understanding of the kosher diet restrictions, and that Defendants can lodge objections at trial, as opposed to the Court excluding before trial, "unspecified swaths of evidence." *Id.*

FED. R. EVID. 602 requires that a testifying witness "ha[ve] personal knowledge of the matter" to which they are testifying. Rule 602 also recognizes that "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Further, FED. R. EVID. 701 allows a witness, who is not testifying as an expert, to offer testimony in the form of

an opinion if it is one that is rationally based on the witness's perception, is helpful to understanding the witness's testimony or a fact in issue, and is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Assuming Plaintiff establishes the proper foundation, he can testify as to his understanding of the tenets of the Jewish faith, including any special dietary restrictions, and whether he believes the meals served to him at the Grady County Jail met those restrictions. Such testimony is admissible under FED. R. EVID. 701. To that extent, Defendants' motion is denied. However, Defendants are not precluded from asserting at trial an appropriate objection to any testimony they believe exceeds the prescribed limitations of Rule 701.

Plaintiff, like Defendants, must follow the Federal Rules of Evidence. Plaintiff will not be permitted to admit exhibits that he cannot authenticate or are inadmissible on hearsay grounds. Although it is questionable whether Plaintiff can authenticate Plaintiff's Exhibits 11, 12 and 13 and whether they would be admissible under any hearsay exception, the Court will reserve a ruling on these issues until the appropriate time at trial.

The Court has broad discretion over the mode and order of examining witnesses and presenting evidence and may allow testimony in narrative form at trial if the Court finds that it would be helpful to the jury. *See* FED. R. EVID. 611. The Court will permit Plaintiff, a *pro se* litigant, to testify in a narrative fashion provided that such testimony centers upon admissible evidence under the Federal Rules of Evidence.

In the event Plaintiff attempts to testify to matters that are not properly admissible under the Rules or the testimony is irrelevant, confusing, or misleading, Defendants may

make contemporaneous objections as appropriate. Plaintiff is directed to set forth in the revised Final Pretrial Report the subject matter areas which he expects to cover during his testimony. After Plaintiff testifies on direct examination, Defendants will be permitted to cross-examine him. Plaintiff can then testify in a narrative fashion on re-direct examination.

G. **Plaintiff's Exhibit 1 – Response of David L. Harlow**

Defendants seek exclusion of Plaintiff's Exhibit 1, which is a Response to an Order Regarding Non-Party Subpoenas by David L. Harlow, Acting/Deputy Director of the United States Marshals Service. [Doc. No. 120]. Defendants assert that the document is irrelevant to the issues at trial and is objectionable on hearsay grounds. Because Defendants have asserted an affirmative defense that Plaintiff did not exhaust his administrative remedies and Harlow states in the response that the BOP's administrative remedy program is not available to inmates at the Grady County Jail, the ruling on this issue is deferred until the trial record is more fully developed. Plaintiff may be allowed to offer Plaintiff's Exhibit 1 so long as it is relevant, the proper foundation and authentication are established, and the contents do not constitute inadmissible hearsay.

H. **Plaintiff's Exhibits 15, 16 –** *Reaching Out* **Publications**

Defendants object to Plaintiff's Exhibits 15 and 16 on authentication and hearsay grounds. Plaintiff's Exhibits 15 and 16 are excerpts from an August 2015 issue of *Reaching Out,* which is a Jewish educational publication for prisoners. [Doc. Nos. 39-1, 39-2]. Contained in the publication are two letters from former prisoners at the Grady County Jail, one of whom purports to have lost 10-15 pounds during her confinement because she

7

refused to eat the non-kosher food served at the jail. The prisoners are only identified by their first name.

The ruling on this issue is deferred until the trial record is more fully developed. Plaintiff may be allowed to offer Plaintiff's Exhibits 15 and 16 if he can establish their relevance, authenticate them and establish a proper foundation, and establish a hearsay exception.

I. **"Send a Message" Arguments**

Plaintiff should refrain from asking the jury to "send a message" with their verdict or from making any statement that would incite the passions and prejudices of the jury. Such arguments are improper and prejudicial. *See e.g., Ross v. Parker,* 304 Fed. Appx. 655, 659 (10th Cir. Dec. 19, 2008) (unpublished)[4] (*citing United States v. Taylor*, 514 F.3d 1092, 1104 (10th Cir. 2008) (improper to ask a jury to help solve a problem in society by convicting the defendant).

## CONCLUSION

As set forth above, Defendants' Motion in Limine [Doc. No. 160] is granted in part, denied in part, and reserved in part.

IT IS SO ORDERED this 30th day of July 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

8